Issued by the
# UNITED STATES DISTRICT COURT

Southern _____ DISTRICT OF _____ California _____

BSQUARE CORPORATION,

    Plaintiff,

V.

DATA EVOLUTION CORPORATION,

    Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1]   Civ. No. 05-886 JJF
                                      Pending in D. Del.

TO:   Custodian of Records, A7 Engineering, Inc.
        12860 C Danielson Court
        Poway, CA 92064

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Mail to the address below all these items described in Attachment "A" attached hereto and incorporated herein as if fully rewritten.

| PLACE | DATE AND TIME |
| --- | --- |
| A7 Engineering, Inc.<br>12860 C Danielson Court<br>Poway, CA 92064<br>Or such other place as may be agreed | July 17, 2006 or such other time as agreed |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*/s/ Jonathan L. Parshall*<br>Jonathan L. Parshall, Esq., Attorney for Plaintiff | DATE<br>June 30, 2006 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Jonathan L. Parshall
Murphy Spadaro & Landon       Tel:  (302) 472-8106
1011 Centre Road, Suite 210
Wilmington, DE 19805

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] If action is pending in district other than district of issuance, state district under case number.

119446

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take responsible steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information; or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party; or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

119446

## ATTACHMENT A

### DEFINITIONS AND INSTRUCTIONS

(a)  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). It includes but is not limited to drawings, graphs, charts, photographs, audio and video recordings, electronic data (including e-mails, whether printed or contained in a computer hard drive), and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form.

(b)  The term "relating to" means concerning, constituting, embodying, comprising, reflecting, refuting, identifying, stating, referring to, dealing with, commenting on, responding to, describing, analyzing or containing information concerning a given subject matter.

(c)  Documents "sufficient to identify" a person provide any or all of the following: name, occupation, title, present home address and telephone number, present work address and telephone number, past home and work addresses and telephone numbers, and all present and past e-mail addresses.

(d)  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

(e)  The terms "you" or "your" mean A7 Engineering, Inc., its officers, employees, and any agents acting on its behalf.

(f)  The term "BSQUARE" means Bsquare Corporation, its officers, employees, and any agents acting on its behalf.

119446

(g) The term "Data Evolution" means Data Evolution Corporation, any officers or employees of the corporation, and any agents acting on behalf of the corporation.

(h) The term "Project" means the Data Evolution's project to develop a new version of the Clio computer including, without limitation, its contract with BSQUARE to do so.

(i) "All" and "each" shall be construed as all and each.

(j) "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all documents that might otherwise be construed to be outside the scope.

(k) These requests are continuing in character. You are thus required to produce for inspection and copying any documents not previously produced that you may from time to time obtain, locate, identify or acquire the ability to produce.

(l) Should you make a claim that a requested document is not subject to discovery by reason of privilege or the work product doctrine, you are required to identify separately each document for which such a privilege or doctrine is claimed, together with the following information:

    (1) the date of, or appearing on, the document;

    (2) the document's author(s);

    (3) the addressee(s) and/or recipient(s) of the document, if any;

    (4) a description of the document, including its title, if any, as well as the type of document (for example, handwritten note);

119446

2

  (5) a description of the contents and/or subject matter of the document; and

  (6) the privilege or doctrine claimed.

## DOCUMENT REQUESTS

### REQUEST NO. 1

All documents relating to the Project.

### REQUEST NO. 2

All documents comprising or relating to your contract with Data Evolution for investigation of the status of the Project.

### REQUEST NO. 3

All documents reflecting communication between you and BSQUARE and Data Evolution related to the Project or your investigation of the Project.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BSQUARE CORPORATION | § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | C.A. No. 05-886 (JJF) |
| v. | | |
| DATA EVOLUTION CORPORATION | | |
| Defendant. | | |

### NOTICE OF SUBPOENA DUCES TECUM TO
### A7 ENGINEERING, INC.

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, plaintiff has served a subpoena for the production of documents, as described in "Attachment A" of the subpoena attached to this Notice, on A7 Engineering, Inc. to be produced at its offices or such other place as may be agreed on July 17, 2006 or such other time as may be agreed.

/s/ Jonathan L. Parshall
John S. Spadaro, No. 3247
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, DE 19805
Tel. (302) 472-8106
Fax (302) 472-8135

119446

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BSQUARE CORPORATION § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DATA EVOLUTION CORPORATION § <br> § <br> Defendant. § <br> § <br> § | C.A. No. 05-886 (JJF) |

## NOTICE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

Bruce E. Jameson, Esq.
Prickett Jones & Elliott
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

       Respectfully submitted,

       /s/ Jonathan L. Parshall
       Jonathan L. Parshall, No. 3247
       MURPHY SPADARO & LANDON
       1011 Centre Road, Suite 210
       Wilmington, DE 19805
       Tel. (302) 472-8106
       Fax (302) 472-8135

119446